Joseph R. Re (SBN 134479)
joe.re@knobbe.com
Colin B. Heideman (SBN 238674)
colin.heideman@knobbe.com
Mark Lezama (SBN 253479)
mark.lezama@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Counsel for Defendants
AMAZON.COM, INC., and AMAZON.COM SERVICES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAWBONE INNOVATIONS, LLC,<br><br>       Plaintiff,<br><br>   v.<br><br>AMAZON.COM, INC., and AMAZON.COM SERVICES, INC.,<br><br>       Defendants. | Case No. 3:22-cv-06727-TLT<br><br>**DEFENDANTS' MOTION TO STAY ACTION PENDING PARALLEL PROCEEDINGS AND TO VACATE CASE MANAGEMENT CONFERENCE**<br><br>Date:      February 14, 2023<br>Time:     2:00 p.m.<br><br>Honorable Trina L. Thompson |

PLEASE TAKE NOTICE that Defendants Amazon.com, Inc., and Amazon.com Services, Inc. (collectively, "Amazon"), hereby move to stay this case and to vacate the currently scheduled Initial Case Management Conference.  Subject to the Court's availability and to the extent the Court deems necessary, the motion will be heard on Tuesday, February 14, at 2:00 p.m., in Courtroom 9, 19th Floor, before the Honorable Trina L. Thompson.  Amazon bases the motion on this notice; the included memorandum of points and authorities; any subsequently filed briefs; the pleadings and papers filed in this action; and any other arguments, evidence, and matters submitted to the Court, at the hearing or otherwise.  Amazon is also lodging a proposed order for the Court's consideration.

Amazon respectfully requests that the Court stay this case through January 3, 2024, or until each of the following proceedings is resolved:

| Case No. | Forum |
| --- | --- |
| IPR2022-00630 | Patent Trial and Appeal Board |
| IPR2022-00623 | Patent Trial and Appeal Board |
| IPR2022-00649 | Patent Trial and Appeal Board |
| IPR2022-00797 | Patent Trial and Appeal Board |
| IPR2022-01027 | Patent Trial and Appeal Board |
| IPR2022-01059 | Patent Trial and Appeal Board |
| IPR2022-01060 | Patent Trial and Appeal Board |
| IPR2022-01061 | Patent Trial and Appeal Board |
| IPR2022-01124 | Patent Trial and Appeal Board |
| IPR2023-00216 | Patent Trial and Appeal Board |
| IPR2023-00222 | Patent Trial and Appeal Board |
| IPR2023-00251 | Patent Trial and Appeal Board |
| IPR2023-00253 | Patent Trial and Appeal Board |
| IPR2023-00275 | Patent Trial and Appeal Board |
| IPR2023-00276 | Patent Trial and Appeal Board |
| IPR2023-00279 | Patent Trial and Appeal Board |
| IPR2023-00284 | Patent Trial and Appeal Board |

| Case No. | Forum |
|----------|-------|
| IPR2023-00285 | Patent Trial and Appeal Board |
| IPR2023-00286 | Patent Trial and Appeal Board |
| 6:21-cv-00985 | Western District of Texas |

# TABLE OF CONTENTS

INTRODUCTION --------------------------------------------------------------------------------- 1

ISSUES TO BE DECIDED --------------------------------------------------------------------- 2

BACKGROUND -------------------------------------------------------------------------------- 2

    A.   The PTAB Is Reviewing the Validity of Eight
          Asserted Patents ---------------------------------------------------------- 3

    B.   The PTAB Will Soon Decide Whether to Institute
          Additional IPR Trials on All Nine Asserted Patents ------------------------- 4

    C.   The WDTX Has Ruled That Claims of Five
          Asserted Patents Are Invalid ------------------------------------------------- 4

    D.   This Case Is in Its Infancy -------------------------------------------------- 5

ARGUMENT ----------------------------------------------------------------------------------- 6

   I.    LEGAL STANDARD ------------------------------------------------------------- 6

   II.   FACTOR 1: THE STAGE OF LITIGATION FAVORS
       A STAY------------------------------------------------------------------------- 7

   III.   FACTOR 2: A STAY WILL SIMPLIFY THIS CASE--------------------------------- 8

    A.   The IPRs Will Simplify This Case ------------------------------------------ 8

    B.   Entry of Final Judgment in the WDTX Case May
          Moot JI's Claims on Several Patents----------------------------------------- 11

   IV.   FACTOR 3: A STAY WILL NOT UNDULY
       PREJUDICE JI------------------------------------------------------------------- 11

CONCLUSION ------------------------------------------------------------------------------- 14

1

## TABLE OF AUTHORITIES

2

3      *Cases:*

4      *Aylus Networks, Inc. v. Apple Inc.*,
           856 F.3d 1353 (Fed. Cir. 2017) -------------------------------------------------- 10
5

6      *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*,
           402 U.S. 313 (1971) --------------------------------------------------------------- 11
7

8      *Cellwitch Inc. v. Tile, Inc.*,
           No. 19-cv-1315, 2020 WL 13490282 (N.D. Cal. Jan. 17, 2020) ------------------------- 9

9      *Cypress Semiconductor Corp. v. GSI Tech., Inc.*,
           No. 13-cv-02013, 2014 WL 5021100 (N.D. Cal. Oct. 7, 2014) ------------------------- 12
10

11     *Delphix Corp. v. Actifio, Inc.*,
           No. 13-cv-04613-BLF, 2014 WL 6068407 (N.D. Cal. Nov. 13, 2014) ---------------- 12

12     *DSS Tech. Mgmt., Inc. v. Apple, Inc.*,
           No. 14-cv-05330-HSG, 2015 WL 1967878 (N.D. Cal. May 1, 2015) -------------- 8, 12
13

14     *Finjan, Inc. v. FireEye, Inc.*,
           No. 13-cv-03133, 2014 WL 2465267 (N.D. Cal. June 2, 2014) ------------------------ 6
15

16     *Finjan, Inc. v. Symantec Corp.*,
           139 F. Supp. 3d 1032 (N.D. Cal. 2015) ---------------------------------------- 9, 14
17

18     *Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
           721 F.3d 1330 (Fed. Cir. 2013) ----------------------------------------------- 7, 8
19

       *Google LLC v. EcoFactor, Inc.*,
20         No. 21-cv-03220-HSG, 2022 WL 6837715 (N.D. Cal. Oct. 11, 2022) -------------- 6, 9

21     *HD Silicon Sols. LLC v. Microchip Tech. Inc.*,
           No. 21-cv-08295-SK, 2022 WL 3084315 (N.D. Cal. Aug. 3, 2022) ------------ 6, 7, 8, 9
22

23     *Ibormeith IP, LLC v. Mercedes-Benz USA, LLC*,
           732 F.3d 1376 (Fed. Cir. 2013) ----------------------------------------------------- 5
24

       *In re Cygnus Telecomm. Tech., LLC, Pat. Litig.*,
25         385 F. Supp. 2d 1022 (N.D. Cal. 2005) --------------------------------------------- 10

26     *Landis v. N. Am. Co.*,
           299 U.S. 248 (1936) ---------------------------------------------------------------- 6
27

       *Largan Precision Co., Ltd. v. Motorola Mobility LLC*,
28         No. 21-cv-09138, 2022 WL 2954935 (N.D. Cal. Jul. 26, 2022) ----------- 6, 8, 9, 10, 13

*Lockyer v. Mirant Corp.*,
    398 F.3d 1098 (9th Cir. 2005)-----------------------------------------------------6

*Murata Mach. USA v. Daifuku Co.*,
    830 F.3d 1357 (Fed. Cir. 2016) ------------------------------------------------6

*Nautilus, Inc. v. Biosig Instruments, Inc.*,
    572 U.S. 898 (2014) --------------------------------------------------------------5

*Netflix, Inc. v. CA, Inc.*,
    No. 21-cv-03649-EMC, 2022 WL 1144631 (N.D. Cal. Mar. 30, 2022) --------- 6, 9, 10

*Neodron, Ltd. v. Lenovo Grp., Ltd.*,
    No. 19-cv-05644, 2020 WL 5074308 (N.D. Cal. Aug. 27, 2020) -----------------------6

*Oyster Optics, LLC v. Ciena Corp.*,
    No. 20-cv-2354, 2021 WL 4027370 (N.D. Cal. April 22, 2021) ------------------6-7, 11

*Palo Alto Networks, Inc. v. Packet Intel. LLC*,
    No. 19-cv-2471, 2020 WL 5760475 (N.D. Cal. Sept. 28, 2020)-------------------------7

*PersonalWeb Techs., LLC v. Apple Inc.*,
    69 F. Supp. 3d 1022 (N.D. Cal. 2014)----------------------------------- 7, 9, 10, 11, 12, 13

*Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*,
    170 F.3d 1373 (Fed. Cir. 1999) ------------------------------------------------ 11

*Robi v. Five Platters, Inc.*,
    838 F.2d 318 (9th Cir. 1988) -------------------------------------------------- 11

*Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*,
    778 F.3d 1311 (Fed. Cir. 2015) ----------------------------------------------- 11

*Synchronoss Techs., Inc. v. Dropbox, Inc.*,
    987 F.3d 1358 (Fed. Cir. 2021) -------------------------------------------------5

*Synthego Corp. v. Agilent Techs., Inc.*,
    No. 5:21-cv-07801-EJD, 2022 WL 2704121 (N.D. Cal. July 12, 2022)------ 6, 7, 9, 10

*TPK Touch Sols., Inc v. Wintek Electro-Optics Corp.*,
    No. 13-cv-02218-JST, 2013 WL 6021324 (N.D. Cal. Nov. 13, 2013)---------------- 12

*WSOU Invs. LLC v. Juniper Networks Inc.*,
    No. 21-cv-07557-BLF, 2022 WL 19709 (N.D. Cal. Jan. 3, 2022) -------------------6, 9

*Zomm, LLC v. Apple Inc.*,
    391 F. Supp. 3d 946 (N.D. Cal. 2019)-------------------------------------6, 7, 8, 12, 13

1

*Statutes and Rules:*

2

35 U.S.C. § 112 ------------------------------------------------------------------------------------- 5

3

35 U.S.C. § 282(b)(3)(A) ------------------------------------------------------------------------- 5

4

35 U.S.C. § 315(b) ------------------------------------------------------------------------------- 12

5

35 U.S.C. § 316(a)(11) --------------------------------------------------------------------------- 3

6

35 U.S.C. § 318(b) ------------------------------------------------------------------------------- 8

7

E.D. Tex. Patent R. 3-1(f)----------------------------------------------------------------------- 13

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**INTRODUCTION**

2      This is a patent infringement case in which Plaintiff Jawbone Innovations, LLC ("JI") as-

3   serts nine patents.  The Court should stay this case because there are 20 parallel proceedings ad-

4   dressing the validity of those patents.  Individually, each proceeding may moot a substantial part

5   of this case.  Collectively, the proceedings may dispose of this case in its entirety.

6      JI sued Amazon for patent infringement months after suing Samsung, Apple, and Google

7   for infringing the same patents.  Google has petitioned the United States Patent and Trademark

8   Office's Patent Trial and Appeal Board ("PTAB") to review the validity of the asserted patents.

9   The PTAB is a specialized tribunal Congress established to conduct expedited trials on the valid-

10  ity of issued patents.  Those trials are known as *inter partes* reviews, or IPRs.  Mindful that the

11  high cost of patent litigation is wasteful if the asserted patent should not have issued to begin

12  with, Congress created the PTAB and IPRs as a cost-effective alternative to district-court patent

13  litigation.  An IPR trial concludes with a final decision on patent validity from a panel of three

14  administrative patent judges.  The panel generally must issue its final decision within 12 months

15  of institution.

16     The PTAB has considered Google's petitions, found a reasonable likelihood that claims

17  of the patents are invalid, and instituted IPR trials for eight of the nine asserted patents.  As a re-

18  sult of those IPR trials, the PTAB may issue in the next 12 months final decisions cancelling

19  most of the asserted patent claims.

20      Amazon has also filed its own IPR petitions, asking the PTAB to review the validity of

21  eight patents, and those additional trials may be instituted by July.  Amazon intends to file a peti-

22  tion on the ninth patent soon.  The parties and this Court should not waste significant resources

23  litigating and adjudicating these patents in parallel, including issues of infringement and validity,

24  when the PTAB has already found most of the patents reasonably likely to be invalid.  The

25  PTAB's decisions in the Google IPRs may moot the overwhelming majority of issues in this

26  case, and the PTAB's decisions in the Amazon IPRs may moot all remaining issues.

27     This case should also be stayed because another district court has held that claims from

28  five asserted patents violate the statutory requirement for definiteness, rendering them invalid.

That ruling effectively eliminates three entire patents asserted in this case and portions of two more patents.  Absent a successful motion for reconsideration, the district court's decision can be overturned only on appeal.  Again, Amazon and this Court should not be forced to devote resources to these patents unless and until JI can overturn the district court's decision on appeal.

Without a stay here, the Court and the parties stand to waste enormous resources on litigation involving patents that other tribunals have already found invalid or reasonably likely invalid.  With a stay, the parallel proceedings each stand to simplify this case substantially.  They have the potential to invalidate all nine asserted patents and thereby completely dispose of this case.  Even if some claims survive, those proceedings are likely to narrow the scope of this case significantly.  And, regardless of their outcome, the proceedings will create additional prosecution history that will be relevant to claim construction in this case and will provide the Court with the benefit of the PTAB's expert analysis of these patents.  Courts in this District have repeatedly stayed cases in similar circumstances.

## ISSUES TO BE DECIDED

Because (1) there can be no liability for infringing an invalid patent, (2) the PTAB has already concluded in the Google IPRs that there is a reasonable likelihood that claims from eight of the nine asserted patents are invalid, and all of those IPR trials will conclude by January 3, 2024, (3) the PTAB will decide whether to review the validity of the asserted claims in the remaining asserted patent by July 2023, and (4) the Western District of Texas has already ruled that claims from that remaining patent (plus four other asserted patents) are indefinite and therefore invalid:

1.      Whether to stay this case until January 3, 2024.

## BACKGROUND

JI alleges Amazon infringes 219 claims in nine different patents.[1]  (Dkt. No. 1 (complaint); Dkt. No. 24 (amended complaint adding ninth patent).)  (Ex. 1.[2])  Months before suing

---

[1]  The asserted patents are: U.S. Patent Nos. 8,019,091; 7,246,058; 8,280,072; 8,321,213; 8,326,611; 10,779,080; 11,122,357; 8,467,543; and 8,503,691.

[2]  All exhibits are attached to the declaration of Mark Lezama.

Defendants' Motion to Stay                   - 2 -
3:22-cv-06727-TLT

1    Amazon, JI sued Google in the Western District of Texas ("WDTX") for allegedly infringing the

2    same nine patents.[3]

3    ### A.    The PTAB Is Reviewing the Validity of Eight Asserted Patents.

4    Google petitioned the PTAB to review the validity of JI's patents.  Finding a reasonable

5    likelihood that the prior art Google identified invalidates numerous claims of the asserted pa-

6    tents, the PTAB has instituted IPR trials on eight of the nine patents asserted in this case:

7

| Case No. | Petitioner | Patent Reviewed | Final Decision Due |
|---|---|---|---|
| IPR2022-00630 | Google | '072 [4] | September 13, 2023 |
| IPR2022-00623 | Google | '058 | October 31, 2023 |
| IPR2022-00649 | Google | '091 | November 1, 2023 |
| IPR2022-00797 | Google | '213 (claims 14-41) | December 1, 2023 |
| IPR2022-01027 | Google | '543 | December 5, 2023 |
| IPR2022-01059 | Google | '080 | December 7, 2023 |
| IPR2022-01124 | Google | '357 | January 3, 2024 |
| IPR2022-01060, -1061 | Google | '691 | January 3, 2024 |

*Table 1, Instituted IPRs*

17   Although the PTAB initially denied institution of Google's IPR petitions on the ninth as-

18   serted patent (IPR2022-00604, -00889), as well as Google's petition for claims 1-13 and 42 of

19   the '213 patent (IPR2022-00888), Google has requested rehearing of those decisions.  Thus, the

20   PTAB may still institute a trial on the ninth patent based on Google's petitions.

21   By statute, the PTAB must ordinarily issue a final written decision within 12 months of

22   instituting an IPR.  35 U.S.C. § 316(a)(11).  Thus, as shown in Table 1, the PTAB will issue final

23   decisions regarding the validity of eight patents in the next 12 months.

---

[3] *Jawbone Innovations, LLC v. Google LLC*, 6:21-cv-00985 (W.D. Tex.).  JI also sued Sam-
sung and Apple, although Amazon understands that those actions recently settled.

[4] Amazon identifies each patent by its last three digits.  If no claims are identified, the IPR
covers all claims in the patent.  The decisions instituting these IPRs are available at:
https://ptacts.uspto.gov/ptacts/ui/home.

**B.     The PTAB Will Soon Decide Whether to Institute Additional IPR Trials on All Nine Asserted Patents.**

Amazon has also filed IPR petitions challenging the validity of eight of the asserted patents, including the '611 patent, the only patent not currently under review in the Google IPRs.[5] Except for the '080 patent, all of Amazon's IPR petitions present different grounds of invalidity than the Google IPRs.  The PTAB is expected to decide whether to institute these IPR trials in the next seven months:

| Case No. | Petitioner | Patent Challenged | Institution Decision Deadline |
|---|---|---|---|
| IPR2023-00284 | Amazon | '080 | June 8, 2023 (at the latest) |
| IPR2023-00251 | Amazon | '357 | June 8, 2023 (at the latest) |
| IPR2023-00253 | Amazon | '091 | June 8, 2023 (at the latest) |
| IPR2023-00276, -00279 | Amazon | '213 | June 14, 2023 (at the latest) |
| IPR2023-00285, -00286 | Amazon | '611 | June 14, 2023 (at the latest) |
| IPR2023-00222 | Amazon | '058 | July 10, 2023 (at the latest) |
| IPR2023-00216 | Amazon | '072 | July 2023 (expected) |
| IPR2023-00275 | Amazon | '543 | July 2023 (expected) |

*Table 2, Amazon's IPR Petitions on Asserted Patents*

Thus, by this summer, the PTAB may have 20 trials ongoing and may be reviewing the validity of every asserted claim in all nine asserted patents.

**C.     The WDTX Has Ruled That Claims of Five Asserted Patents Are Invalid.**

In JI's lawsuit against Google, the parties have completed the claim-construction stage of the case, in which the court interprets the language of the patent claims.  In its Claim Construction Order, the *Google* court held that terms found in all independent claims of the '691, '080, and '357 patents, and some claims of the '213 and '611 patents, are indefinite.[6]  (Ex. 2.)  An in-

---

[5] The only asserted patent Amazon has not yet challenged in an IPR petition is the '691 patent, but Amazon anticipates filing an IPR petition on that patent soon.  By statute, Amazon has until at least the end of February to file IPR petitions challenging the '691 patent.

[6] Although table heading states that the constructions are "preliminary," the Order states they

Defendants' Motion to Stay          - 4 -
3:22-cv-06727-TLT

1    definite claim violates 35 U.S.C. § 112 and is therefore invalid. *Nautilus, Inc. v. Biosig Instru-*

2    *ments, Inc.*, 572 U.S. 898, 901 (2014); *Synchronoss Techs., Inc. v. Dropbox, Inc.*, 987 F.3d 1358,

3    1368 (Fed. Cir. 2021); 35 U.S.C. § 282(b)(3)(A). Dependent claims that fail to clarify indefinite

4    language appearing in the claims from which they depend are also indefinite. *See Ibormeith IP,*

5    *LLC v. Mercedes-Benz USA, LLC*, 732 F.3d 1376, 1378 (Fed. Cir. 2013). None of the dependent

6    claims in the '691, '080, and '357 patents clarifies the language in the independent claims that

7    the *Google* court found indefinite. The *Google* court's indefiniteness ruling therefore establishes

8    not only that some claims of the '213 and '611 patents are invalid, but that *all claims* of the '691,

9    '080, and '357 patents are invalid. Although the *Google* court found claims in five asserted pa-

10    tents invalid, the court has not yet entered final judgment because other patents remain in the

11    case. Trial on the surviving claims is currently set for July 2023. (Lezama Decl. ¶ 5.) In the

12    meantime, JI has moved for reconsideration of the court's indefiniteness rulings. (*Id.* ¶ 4.)

13           **D.     This Case Is in Its Infancy.**

14         In the present case, JI and Amazon exchanged initial disclosures, preliminary infringe-

15    ment and invalidity contentions, and some initial documents pursuant to the local rules of the

16    Eastern District of Texas ("EDTX"). (Lezama Decl. ¶ 7.) But those disclosures will need to be

17    updated to comply with the local patent rules of this Court. Moreover, the parties have taken no

18    depositions. (*Id.*) They have neither exchanged claim-construction proposals nor submitted any

19    claim-construction briefs. (*Id.*) And they have served no expert reports and filed no dispositive

20    motions. (*Id.*)

21         Amazon moved to transfer the case from the EDTX on March 10, 2022. The Texas court

22    granted Amazon's transfer motion on September 21, 2022, and the Northern District of Califor-

23    nia received the case file on November 1, 2022. (Dkt. 25, 60, 61.) This Court scheduled an Ini-

24    tial Case Management Conference for February 16, 2023. (Dkt. 79.) No discovery deadline,

25    claim-construction hearing date, or trial date has been set. (*See id.*)

26

27

28    are "final." (Ex. 2 at 1.)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# ARGUMENT

## I.   LEGAL STANDARD

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254.

The court's inherent power includes the authority to order a stay pending conclusion of an IPR proceeding. *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016); *Largan Precision Co., Ltd. v. Motorola Mobility LLC*, No. 21-cv-09138, 2022 WL 2954935, at *2 (N.D. Cal. Jul. 26, 2022). In this District, courts have recognized "a liberal policy in favor of granting motions to stay" pending the outcome of IPR proceedings. *Zomm, LLC v. Apple Inc.*, 391 F. Supp. 3d 946, 956 (N.D. Cal. 2019); *Finjan, Inc. v. FireEye, Inc.*, No. 13-cv-03133, 2014 WL 2465267, at *1 (N.D. Cal. June 2, 2014). Such a stay is often warranted "to avoid inconsistent results, obtain guidance from the PTAB, or avoid needless waste of judicial resources." *Largan*, 2022 WL 2954935, at *2.

Courts in this district routinely stay patent cases when the PTAB has instituted IPRs on asserted patents.[7] Indeed, this has become so routine that courts in this District often grant such motions without oral argument. *See, e.g., Google LLC*, 2022 WL 6837715, at *1 n.1; *Synthego*, 2022 WL 2704121, at *1 n.1; *Netflix*, 2022 WL 1144631, at *1; *Largan*, 2022 WL 2954935, at *1; *WSOU*, 2022 WL 19709, at *1; *Neodron*, 2020 WL 5074308, at *1; *Oyster Optics, LLC v.*

---

[7] *See, e.g., Google LLC v. EcoFactor, Inc.*, No. 21-cv-03220-HSG, 2022 WL 6837715 (N.D. Cal. Oct. 11, 2022) (IPRs instituted for three of four asserted patents); *HD Silicon Sols. LLC v. Microchip Tech. Inc.*, No. 21-cv-08295-SK, 2022 WL 3084315 (N.D. Cal. Aug. 3, 2022) (IPRs instituted for four of six asserted patents); *Synthego Corp. v. Agilent Techs., Inc.*, No. 5:21-cv-07801-EJD, 2022 WL 2704121 (N.D. Cal. July 12, 2022) (IPRs instituted for both asserted patents); *Netflix, Inc. v. CA, Inc.*, No. 21-cv-03649-EMC, 2022 WL 1144631 (N.D. Cal. Mar. 30, 2022) (IPRs instituted for four of five asserted patents, with institution decision pending on fifth); *WSOU Invs. LLC v. Juniper Networks Inc.*, No. 21-cv-07557-BLF, 2022 WL 19709 (N.D. Cal. Jan. 3, 2022) (post-grant review instituted on four of five asserted patents); *Neodron, Ltd. v. Lenovo Grp., Ltd.*, No. 19-cv-05644, 2020 WL 5074308 (N.D. Cal. Aug. 27, 2020) (IPRs instituted for two of seven asserted patents).

1    *Ciena Corp.*, No. 20-cv-2354, 2021 WL 4027370, at *1 (N.D. Cal. April 22, 2021); *Palo Alto*

2    *Networks, Inc. v. Packet Intel. LLC*, No. 19-cv-2471, 2020 WL 5760475, at *1 n.1 (N.D. Cal.

3    Sept. 28, 2020).

4            Whether to stay a case pending IPR depends on three factors: "(1) whether discovery is

5    complete and whether a trial date has been set; (2) whether a stay will simplify the issues in

6    question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear

7    tactical disadvantage to the non-moving party." *Zomm*, 391 F. Supp. 3d at 956.  These factors

8    "must be reviewed in the context of *Fresenius*, which held that 'when a claim is cancelled, the

9    patentee loses any cause of action based on that claim, and any pending litigation in which the

10   claims are asserted becomes moot.'" *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d

11   1022, 1025 (N.D. Cal. 2014) (quoting *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330,

12   1340 (Fed. Cir. 2013)).  Here, all three factors favor a stay.

13   **II.     FACTOR 1: THE STAGE OF LITIGATION FAVORS A STAY.**

14           "Courts in this district *strongly* favor granting a stay pending IPR where there has been

15   no material progress in the litigation."  *Synthego*, 2022 WL 2704121, at *2 (emphasis added).

16   This factor favors a stay where fact discovery is in its initial stages, expert discovery has not be-

17   gun, claim construction has not begun, and a trial date has not been set.  *Id.* (finding the case to

18   be in its "early stages" because, despite the parties having exchanged preliminary infringement

19   and invalidity contentions, "substantial work lies ahead for both parties").  Such is the case here.

20           Discovery in this case is a long way from completion.  The parties have taken no deposi-

21   tions.  (Lezama Decl. ¶ 7.)  Amazon has served no interrogatories and neither party has served

22   any requests for admission.  (*Id.*)  The parties have proposed no claim constructions, served no

23   expert reports, and filed no dispositive motions.  (*Id.*)  The Court has issued no claim-

24   construction order and has had no occasion to address the merits of the case.  No trial date has

25   been set.  Thus, this factor favors a stay.  *HD Silicon*, 2022 WL 3084315, at *2; *Synthego*, 2022

26   WL 2704121, at *2.

27           The parties have exchanged preliminary infringement and invalidity contentions pursuant

28   to the EDTX's local patent rules, but the mere service of those contentions does not weigh

1   against a stay, as those contentions will need to be supplemented to comply with this Court's Pa-

2   tent Local Rules. *HD Silicon*, 2022 WL 3084315, at *2.

3        The stage of this case closely resembles that in *Zomm*.  In that case, also transferred from

4   another district, the parties had exchanged infringement and invalidity contentions and had iden-

5   tified terms for construction.  But no expert discovery had been conducted, no substantive mo-

6   tions had been filed, and no trial date had been set.  *Zomm*, 391 F. Supp. 3d at 956.  The court

7   concluded that "significant work" remained and the "relatively early stage" favored a stay.  *Id.*

8        Similarly, in *Largan*, the parties had "served mandatory disclosures under the Local Pa-

9   tent Rules, answered initial discovery requests, and produced some documents."  2022 WL

10   2954935, at *4.  But no depositions had been noticed, claim-construction briefing had not begun,

11   the claim-construction hearing was two months away, and no trial date had been set.  *Id.*  The

12   court concluded the litigation was "still at an early stage" and found the stage of the case favored

13   a stay.  *Id.*

14        In *DSS Tech. Mgmt., Inc. v. Apple, Inc.*, No. 14-cv-05330-HSG, 2015 WL 1967878, at

15   *2-*3 (N.D. Cal. May 1, 2015), the parties had exchanged multiple sets of infringement and in-

16   validity contentions, had exchanged multiple sets of written interrogatories, had produced over

17   100,000 pages of documents, had started depositions, and had fully briefed claim construction.

18   But they had not conducted expert discovery or filed substantive motions, and the court had not

19   issued a claim construction order or set a trial date.  The court found that the case was in a "rela-

20   tively early stage" and that the first factor therefore weighed in favor of a stay.

21        The stage of this case is similar to that in *Zomm*, *Largan*, and *Synthego*.  It is even earlier

22   than in *DSS* and *HD Silicon*.  Thus, the early stage of this litigation weighs in favor of a stay.

## III.   FACTOR 2: A STAY WILL SIMPLIFY THIS CASE.

### A.   The IPRs Will Simplify This Case.

25        At the conclusion of an IPR trial, the PTO cancels any unpatentable claims.  35 U.S.C.

26   § 318(b).  When claims are canceled, "the patentee loses any cause of action based on that claim,

27   and any pending litigation in which the claims are asserted becomes moot."  *Fresenius*, 721 F.3d

28

1   at 1340.  Thus, IPRs have the potential to simplify litigation by completely eliminating the in-

2   fringement claim and eliminating the need for trial.  *Synthego*, 2022 WL 2704121, at *2.

3          This factor favors a stay even when IPRs are instituted on fewer than all asserted patents

4   or claims.  *See, e.g.*, *Google*, 2022 WL 6837715, at *2 (factor favors stay where IPRs instituted

5   for three of four asserted patents); *HD Silicon*, 2022 WL 3084315, at *3 (factor favors stay

6   where IPRs instituted for four of six asserted patents); *Netflix*, 2022 WL 1144631, at * 1 (factor

7   favors stay where IPRs instituted for four of five asserted patents); *WSOU*, 2022 WL 19709, at

8   *5 (factor favors stay where post-grant review instituted on four of five patents, and noting that

9   "courts commonly find the simplification factor favors a complete stay of the case" even where

10  some asserted patents are not under review); *PersonalWeb*, 69 F. Supp. 3d at 1027 (granting stay

11  where PTAB had agreed to review 15 of the 34 asserted claims because "[e]ither the claims, al-

12  ready found reasonably likely to be invalid, will become moot, or the Court will have the benefit

13  of the PTAB's findings.")  Here, the PTAB has already instituted review for 161 asserted claims

14  from eight of the nine asserted patents.  (Table 1, *supra*.)  Because the invalidation of claims in

15  the Google IPRs would significantly simplify this case, this factor weighs in favor of a stay.

16         This factor also often favors a stay when IPR petitions have been filed but not yet insti-

17  tuted.  *Largan*, 2022 WL 2954935, at *2.  In *Largan*, the defendant had filed six PTAB petitions

18  challenging all but one asserted patent claim.  *Id.*  The court emphasized that, if the PTAB insti-

19  tuted review, "its decision on the asserted claims may simplify and clarify the issues to be litigat-

20  ed by the parties," which "weighs heavily in favor of granting the stay."  *Id.*; *see also Cellwitch*

21  *Inc. v. Tile, Inc.*, No. 19-cv-1315, 2020 WL 13490282, at *2 (N.D. Cal. Jan. 17, 2020); *Finjan,*

22  *Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1037 (N.D. Cal. 2015) (granting stay before insti-

23  tution decision because, "[w]ere the Court to deny the stay until a decision on institution is made,

24  the parties and the Court would expend significant resources on issues that could eventually be

25  mooted by the IPR decision.").  The facts weigh even more heavily in favor of a stay here be-

26  cause the PTAB has *already* instituted IPR trials for eight of the nine patents (and 161 out of the

27  219 asserted claims).  In the next seven months, it may institute trials on the Amazon IPRs,

28  which cover the remaining patent and all asserted claims in all nine patents.  Whereas the PTAB

1   petitions "could not completely moot" the *Largan* action, 2022 WL 2954935, at *2 n.2, the par-

2   allel proceedings here *can* completely moot this action.

3       The IPRs will simplify this case regardless of their outcome.  Even when claims are not

4   canceled, IPR proceedings provide the court with the benefit of the PTAB's expert analysis and

5   findings.  *PersonalWeb*, 69 F. Supp. 3d at 1027-28; *Synthego*, 2022 WL 2704121, at *2; *Netflix*,

6   2022 WL 1144631, at *1.  The proceedings also provide the court "a richer prosecution history

7   upon which to base necessary claim construction determinations."  *In re Cygnus Telecomm.*

8   *Tech., LLC, Pat. Litig.*, 385 F. Supp. 2d 1022, 1024 (N.D. Cal. 2005); *see also Aylus Networks,*

9   *Inc. v. Apple Inc.*, 856 F.3d 1353, 1359 (Fed. Cir. 2017) (statements made by patent owners dur-

10  ing IPR proceedings may be relied on to support a finding of prosecution disclaimer during claim

11  construction).

12      The Google IPRs are already simplifying this litigation.  After institution of the Google

13  IPR involving the asserted '072 patent, JI informed the PTAB that JI "is cancelling its original

14  claims 1-9 for replacement by substitute claims 10-18 and thereby is removing original claims 1-

15  9 from the proceeding."  (Ex. 5 at 4.)  JI did not even challenge Google's invalidity arguments,

16  choosing instead to assume that Google's "invalidity assertions are true."  (*Id.* at 6.)  Thus, to the

17  extent the '072 patent survives the IPR, it can only be with new claims that differ significantly

18  from the currently asserted claims.[8]  (*See id.* at 12-17 (showing proposed amendments).)

19      As the IPR for the '072 patent demonstrates, the IPR trials have the potential to simplify

20  the issues in this case by completely eliminating asserted claims and patents from this case.  The

21  IPRs may also result in new claims that replace the original claims currently asserted in this case

22  and that thus replace the existing infringement and invalidity issues with entirely different ones.

23      Without a stay, the parties and the Court could devote resources to addressing patent

24  claims that no longer exist by the end of an IPR.  Proceeding without a stay may also "compli-

25  _____

26      [8] After canceling its original claims in an earlier IPR trial, JI indicated that it did not intend to
    pursue the original claims of the '072 patent against Amazon and would be willing to dismiss the
27  '072 patent from this case, but only *without* prejudice.  To date, JI has taken no action to dismiss
    its allegations based on the '072 patent and continues to assert the original, now-cancelled claims
    against Amazon.  Regardless, JI's acknowledgement that it will abandon its current infringement
28  allegations concerning the '072 patent proves the IPRs' power to substantially simplify this case.

1  cate the resolution of the case, including by producing inconsistent results and changing the

2  scope of the claims midway through litigation."  *Oyster Optics*, 2021 WL 4027370, at *2.  It

3  would be wasteful for the parties to continue to litigate this case when all of the asserted claims

4  may either be cancelled or substantially modified during IPR trials.  The second factor therefore

5  strongly favors a stay.

**B.  Entry of Final Judgment in the WDTX Case May Moot JI's**

**Claims on Several Patents.**

8  When a district court enters final judgment of patent invalidity, issue preclusion defeats

9  any pending or future claim of infringement, even against defendants who were not parties to the

10  action that invalidated the patent.  *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S.

11  313, 349-50 (1971) (invalidity judgment gives rise to nonmutual defensive issue preclusion);

12  *Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, 778 F.3d 1311, 1315

13  (Fed. Cir. 2015) (same); *Robi v. Five Platters, Inc.*, 838 F.2d 318, 327 (9th Cir. 1988) (issue pre-

14  clusion applies when trial court in first case enters judgment); *Pharmacia & Upjohn Co. v.*

15  *Mylan Pharms., Inc.*, 170 F.3d 1373, 1381-82 (Fed. Cir. 1999) (same).

16  The *Google* court has ruled that claims in five asserted patents are invalid.  (Ex. 2.)  That

17  case is currently scheduled for trial on the remaining claims in July 2023.  When a final judg-

18  ment is entered in that case, JI will be precluded from asserting that Amazon infringes the indef-

19  inite claims, as well as any other claims invalidated at trial.  It would be wasteful to continue to

20  litigate claim construction, infringement, and invalidity of those patent claims when a final

21  judgment in the *Google* litigation would moot any such effort.  A final judgment in the *Google*

22  litigation has the potential to significantly simplify this case by eliminating several asserted pa-

23  tents, which is yet another reason the second factor weighs in favor of a stay.

24  **IV.  FACTOR 3: A STAY WILL NOT UNDULY PREJUDICE JI.**

25  The third factor is "whether a stay would unduly prejudice or present a clear tactical dis-

26  advantage to the nonmoving party."  *PersonalWeb*, 69 F. Supp. 3d at 1025.  "Courts have repeat-

27  edly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond

28  the delay necessarily inherent in any stay."  *Id.* at 1029.  Courts address four considerations when

1  evaluating prejudice: (1) the timing of the IPR petition; (2) the timing of the stay request; (3) the

2  status of review; and (4) the relationship of the parties.  *Zomm*, 391 F. Supp. 3d at 957.

3  The timing of the IPR petitions does not unduly prejudice JI.  Neither Google nor Ama-

4  zon intentionally delayed their filings for a tactical advantage.  Congress granted defendants the

5  right to file an IPR petition challenging a patent within a year of being served with a complaint

6  alleging infringement of that patent.  35 U.S.C. § 315(b).  Google and Amazon both filed their

7  IPR petitions diligently within the statutory period, and any resulting delay of this case does not

8  by itself constitute undue prejudice.  *DSS*, 2015 WL 1967878, at *4 ("The Court declines to read

9  a 'dilatory motive' into Defendant's timely exercise of its statutory rights."); *Delphix Corp. v.*

10  *Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 6068407, at *3 (N.D. Cal. Nov. 13, 2014) ("[T]he

11  Court . . . will not require a patent infringement defendant to file a petition for *inter partes* re-

12  view significantly earlier than the time allowed by statute.").  Additionally, delay resulting from

13  "an accused infringer exercising diligence in researching the asserted patents and preparing its

14  IPR filings . . . does not unduly prejudice the patent owner."  *TPK Touch Sols., Inc v. Wintek*

15  *Electro-Optics Corp.*, No. 13-cv-02218-JST, 2013 WL 6021324, at *4 (N.D. Cal. Nov. 13,

16  2013); *see also Cypress Semiconductor Corp. v. GSI Tech., Inc.*, No. 13-cv-02013, 2014 WL

17  5021100, at *4 (N.D. Cal. Oct. 7, 2014) ("[W]aiting until after receiving infringement conten-

18  tions to analyze the claims alleged and then filing petitions for review does not cause undue prej-

19  udice.").

20  The sequencing of the IPR petitions here merely reflects JI's decision to sue Samsung,

21  Apple, Google, and *then* Amazon in a serial fashion over a period of several months.  (Lezama

22  Decl. ¶ 8.)  JI chose to sue Amazon last, and JI's delay in suing Amazon predictably led to an

23  offset between Google's IPR filings and Amazon's.  JI cannot now claim undue prejudice result-

24  ing from that offset.

25  The timing of this stay request also does not unduly prejudice JI.  This is exactly the right

26  time for the Court to consider a motion to stay this case.  Just days ago, the PTAB instituted IPR

27  trials on two additional asserted patents, bringing the total number of asserted patents in institut-

28  ed IPR trials to eight.  Thus, the full scope of the IPRs' potential impact on this case crystallized

1   only recently, as the PTAB has instituted IPRs on six patents in the last three months. Mean-

2   while, this case has seen no substantive activity since the EDTX granted Amazon's motion to

3   transfer in September 2022. After the transfer, this Court scheduled an Initial Case Management

4   Conference for February 16, 2023. (Dkt. No. 79.) Amazon is filing this motion sufficiently ear-

5   ly for the Court to consider whether to stay the case before investing significant resources in it.

6       The status of the IPRs also does not unduly prejudice JI. The PTAB has already institut-

7   ed IPR trials for eight asserted patents. The *Google* court has already issued its invalidity ruling.

8   Institution decisions on the Amazon IPR petitions are due in the coming months. The status-of-

9   review subfactor therefore weighs against a finding of prejudice and weighs in favor of a stay.

10  *Zomm*, 391 F. Supp. 3d at 957-58.

11      Lastly, the relationship of the parties does not support any finding of prejudice. This sub-

12  factor considers whether the parties compete. Where they "are direct competitors, the risk of

13  prejudice to the non-moving party is higher than it would be otherwise." *Id.* at 958. In contrast,

14  when the parties are not direct competitors, a stay does not risk prejudicing the nonmovant due to

15  a loss of market share, and the nonmovant may still be "made whole by monetary damages."

16  *Largan*, 2022 WL 2954935, at *4.

17      JI and Amazon do not directly compete. In its infringement contentions, JI identified no

18  products that it offers that practice any of the asserted patents. *See* E.D. Tex. Patent R. 3-1(f)

19  (requiring such identification); Ex. 1. Given that JI admits its products do not practice the

20  claimed inventions, "the parties are not direct competitors as it relates to the patent issues in this

21  suit" and this sub-factor weighs in favor of a stay. *Zomm*, 391 F. Supp. 3d at 958; *see also Lar-*

22  *gan*, 2022 WL 2954935, at *4 (plaintiff's claim of undue prejudice is "significantly undermined

23  by its admission that it does not compete directly" with defendant); *PersonalWeb* 69 F. Supp. 3d

24  at 1030 (no undue prejudice where parties do not compete in the marketplace).

25      In sum, none of the four sub-factors supports a finding of undue prejudice, and the ab-

26  sence of undue prejudice favors a stay. All three factors weigh in favor of staying this litigation

27  pending the IPRs and a final disposition in the *Google* case. As in *Finjan*, a stay here would "ef-

28  fectuate the intent of the [America Invents Act] by allowing the agency with expertise to have

the first crack at cancelling any claims that should not have issued in the patents-in-suit before costly litigation continues."  139 F. Supp. 3d at 1038.

## CONCLUSION

Because the parallel proceedings have the potential to eliminate all of the asserted patent claims and moot this case, the Court should stay this case until at least January 3, 2024, which is the deadline for the PTAB's final written decision in the last of the Google IPRs. At that time, with the benefit of the final decisions in the Google IPRs (and an expected judgment in the *Google* litigation), the parties and the Court can determine whether any of the claims asserted in this case survived the Google proceedings.  If so, the parties and the Court can review the institution decisions on the Amazon IPRs and any other developments in those PTAB proceedings and evaluate whether to lift the stay or keep it in effect through the conclusion of the Amazon IPRs.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

January 10, 2023               /s/ *Colin B. Heideman*
                              Joseph R. Re
                              Colin B. Heideman
                              Mark Lezama
                              Daniel P. Hughes

                              Counsel for Defendants
                              AMAZON.COM, INC. and
                              AMAZON.COM SERVICES, INC.