Joseph R. Re (SBN 134479)
joe.re@knobbe.com
Colin B. Heideman (SBN 238674)
colin.heideman@knobbe.com
Mark Lezama (SBN 253479)
mark.lezama@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Counsel for Defendants
AMAZON.COM, INC., and AMAZON.COM SERVICES, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JAWBONE INNOVATIONS, LLC, | Case No. 3:22-cv-06727-TLT |
| Plaintiff, | **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY ACTION PENDING PARALLEL PROCEEDINGS** |
| v. | |
| AMAZON.COM, INC., and AMAZON.COM SERVICES, INC., | Date:          March 21, 2023 |
| Defendants. | Time:          2:00 p.m. |
| | Honorable Trina L. Thompson |

**TABLE OF CONTENTS**

ARGUMENT ------------------------------------------------------------------------------- 1

    I.       FACTOR 1: THE STAGE OF LITIGATION FAVORS A
            STAY ---------------------------------------------------------------------------- 1

    II.      FACTOR 2: A STAY WILL SIMPLIFY THIS CASE---------------------------3

        A.    JI Does Not Dispute That the Already-Instituted
              IPRs May Moot the Majority of this Case-------------------------------- 3

        B.    Amazon's Pending IPR Petitions Further Warrant a
              Stay -------------------------------------------------------------------------------- 7

        C.    The Transfer of the *Google* Action to this Court
              Does Not Weigh Against a Stay ------------------------------------------ 9

    III.    FACTOR 3: A STAY WILL NOT UNDULY PREJUDICE
            JI -------------------------------------------------------------------------------------- 9

        A.    The Timing of the IPR Petitions Does Not Unduly
              Prejudice JI ---------------------------------------------------------------------- 9

        B.    Amazon Did Not Delay in Filing Its Motion to Stay ---------------------- 11

        C.    The Status of Instituted IPR Proceedings Undercuts
              Any Assertion of Undue Prejudice to JI ------------------------------- 11

        D.    JI's Claim of Future Prejudice Is Speculative and
              Undermined by Its Licensing Activity------------------------------------- 12

CONCLUSION --------------------------------------------------------------------------- 13

1

# TABLE OF AUTHORITIES

2

3    *Cases:*

4    *Blacoh Fluid Controls, Inc. v. Syrinix, Inc.*,
5         No. 17-cv-04007-NC, 2018 WL 1000688 (N.D. Cal. Feb. 21, 2018)----------------- 13

6    *Cellwitch Inc. v. Tile, Inc.*,
          No. 19-cv-1315, 2020 WL 13490282 (N.D. Cal. Jan. 17, 2020) ------------------------7

7    *Cypress Semiconductor Corp. v. GSI Tech., Inc.*,
8         No. 13-cv-02013, 2014 WL 5021100 (N.D. Cal. Oct. 7, 2014)------------------------ 10

9    *Delphix Corp. v. Actifio, Inc.*,
          No. 13-cv-04613-BLF, 2014 WL 6068407 (N.D. Cal. Nov. 13, 2014)---------------- 10
10

11   *DSS Tech. Mgmt., Inc. v. Apple, Inc.*,
          No. 14-cv-05330-HSG, 2015 WL 1967878 (N.D. Cal. May 1, 2015) ----------- 1, 2, 10

12   *Finjan, Inc. v. Symantec Corp.*,
13        139 F. Supp. 3d 1032 (N.D. Cal. 2015) ------------------------------------------- 7, 10, 12

14   *GoPro, Inc. v. C&A Marketing, Inc.*,
          No. 16-cv-03590-JST, 2017 WL 2591268 (N.D. Cal. June 15, 2017) ------------------- 8
15

16   *HD Silicon Sols. LLC v. Microchip Tech. Inc.*,
          No. 21-cv-08295-SK, 2022 WL 3084315 (N.D. Cal. Aug. 3, 2022) --------------------- 1

17   *Largan Precision Co., Ltd. v. Motorola Mobility LLC*,
18        No. 21-cv-09138, 2022 WL 2954935 (N.D. Cal. Jul. 26, 2022) -------------- 1, 7, 12, 13

19   *LBT IP II LLC v. Uber Techs. Inc.*,
          No. 22-cv-03985-WHO, 2023 WL 322894 (N.D. Cal. Jan. 19, 2023) ------------- 3, 4, 6
20

21   *Lyft, Inc. v. AGIS Software Dev. LLC*,
          No. 21-cv-04653-BLF, 2022 WL 1592441 (N.D. Cal. May 19, 2022) ------------------- 7

22   *Magnetic Eng'g & Mfg. Co. v. Dings Mfg. Co.*,
23        178 F.2d 866 (2d Cir. 1950) ------------------------------------------------------------------- 9

24   *MindbaseHQ LLC v. Google LLC*,
          No. 21-cv-03603-JST, 2021 WL 6882409 (N.D. Cal. Nov. 1, 2021) ------------------ 10
25

26   *Netflix, Inc. v. CA, Inc.*,
          No. 21-cv-03649-EMC, 2022 WL 1144631 (N.D. Cal. Mar. 30, 2022) -------------- 4, 6

27   *Palo Alto Networks, Inc. v. Packet Intelligence LLC*,
28        No. 19-cv-02471, 2020 WL 5760475 (N.D. Cal. Sept. 28, 2020) ------------------------ 3

*PersonalWeb Techs., LLC v. Apple Inc.*,
       69 F. Supp. 3d 1022 (N.D. Cal. 2014)-------------------------------------------------3, 4, 6

*Regents of Univ. of Minn. v. LSI Corp.*,
       No. 5:18-cv-00821-EJD, 2018 WL 2183274 (N.D. Cal. May 11, 2018) ------------ 1, 2

*SAGE Electrochromics, Inc. v. View, Inc.*,
       No. 12-cv-06441-JST, 2015 WL 66415 (N.D. Cal. Jan. 5, 2015) --------------------- 12

*Skillz Platform Inc. v. AviaGames Inc.*,
       No. 21-cv-02436-BLF, 2022 WL 1189882 (N.D. Cal. Apr. 21, 2022) ---------------- 12

*Synthego Corp. v. Agilent Techs., Inc.*,
       No. 5:21-cv-07801-EJD, 2022 WL 2704121 (N.D. Cal. July 12, 2022)-------- 1, 2, 3, 6

*TPK Touch Sols., Inc v. Wintek Electro-Optics Corp.*,
       No. 13-cv-02218-JST, 2013 WL 6021324 (N.D. Cal. Nov. 13, 2013)----------8, 10, 11

*Versata Software, Inc. v. Callidus Software, Inc.*,
       771 F.3d 1368 (Fed. Cir. 2014) -----------------------------------------------------------2

*Viavi Solutions Inc. v. Platinum Optics Tech. Inc.*,
       No. 5:20-cv-05501-EJD, 2021 WL 4893386 (N.D. Cal. Oct. 20, 2021)--------------- 12

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
       759 F.3d 1307 (Fed. Cir. 2014) -----------------------------------------------------------2

*WordTech Sys. v. Microboards Manufacturing, LLC*,
       No. 09-cv-04612, 2010 WL 1641510 (N.D. Cal Apr. 22, 2010) ----------------------- 11

*Zomm, LLC v. Apple Inc.*,
       391 F. Supp. 3d 946 (N.D. Cal. 2019)-------------------------------------------------- 1, 12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ARGUMENT**

This is a large, complex patent case in which Jawbone Innovations ("JI") alleges that over 30 Amazon products infringe 219 claims from nine different patents.  JI concedes that the already-instituted IPR trials could invalidate 161 of those claims, disposing of *at least* seven and a half of the asserted patents, and that the PTAB will decide by mid-June whether to institute IPRs on the remaining claims.  JI provides no rational explanation for proceeding with this case in parallel when IPRs may moot this entire case.  Continuing with this litigation under these cir-cumstances would waste significant resources for both the parties and the Court.

Denying this motion would run counter to the liberal policy in favor of granting motions to stay pending IPR and counter to years of precedent from courts in this District.  (Mot. at 6.) The clear justification for staying a case in these circumstances is precisely why courts routinely grant these motions without oral argument.  (*Id.* at 6-7 (citing exemplary cases).)

## I.       FACTOR 1: THE STAGE OF LITIGATION FAVORS A STAY.

The early stage of this case strongly favors a stay.  (Mot. at 7.)  JI argues that the stage of the case does not favor a stay because the parties exchanged preliminary contentions (and related document productions) and JI served one set of interrogatories while the case was pending in Texas.  (Opp'n at 14.)  But preliminary contentions and discovery pursuant to local patent rules "are generally events that happen early in the life of a case and are not, by themselves, enough to weigh against a stay."  *Regents of Univ. of Minn. v. LSI Corp.*, No. 5:18-cv-00821-EJD, 2018 WL 2183274, at *2 (N.D. Cal. May 11, 2018); *see also, e.g.*, *Zomm, LLC v. Apple Inc.*, 391 F. Supp. 3d 946, 956 (N.D. Cal. 2019) (stage of case favored stay despite parties having exchanged infringement and invalidity contentions); *HD Silicon Sols. LLC v. Microchip Tech. Inc.*, No. 21-cv-08295-SK, 2022 WL 3084315, at *2 (N.D. Cal. Aug. 3, 2022) (same); *Largan Precision Co., Ltd. v. Motorola Mobility LLC*, No. 21-cv-09138-JSW, 2022 WL 2954935, at *4 (N.D. Cal. Jul. 26, 2022) (same); *Synthego Corp. v. Agilent Techs., Inc.*, No. 5:21-cv-07801-EJD, 2022 WL 2704121, at *2 (N.D. Cal. July 12, 2022) (same); *DSS Tech. Mgmt., Inc. v. Apple, Inc.*, No. 14-cv-05330-HSG, 2015 WL 1967878, at *2-3 (N.D. Cal. May 1, 2015) (same).

1    Although the parties exchanged preliminary contentions and some documents while this

2    case was pending in Texas, the case is effectively starting over in this Court.  This Court set new

3    deadlines for infringement and invalidity contentions pursuant to this Court's patent local rules.

4    (Dkt. No. 97.)  The parties have taken no depositions, have engaged in no claim construction

5    proceedings or discovery, and have served no expert reports.  Fact discovery will not close for 19

6    months.  (*Id.* (setting fact discovery cut-off for October 28, 2024).)  "Far more work lies ahead

7    than has been completed."  *LSI Corp.*, 2018 WL 2183274, at *2.  Thus, the stage of the case

8    weighs strongly in favor of a stay.  *Id.*; *Synthego*, 2022 WL 2704121, at *2 (factor favored stay

9    despite some discovery because "substantial work" lay ahead); *DSS Tech.*, 2015 WL 1967878, at

10   *2 (factor favored stay despite some discovery because "significant work" remained).

11   JI argues this factor now weighs against a stay because the Court recently conducted an

12   Initial Case Management Conference and scheduled trial for May 2025.  Although courts are not

13   obligated to ignore post-motion advances in the litigation, the stage of litigation is generally con-

14   sidered at the time the motion is filed, not when it is decided.  *VirtualAgility Inc. v. Sales-*

15   *force.com, Inc.*, 759 F.3d 1307, 1317 & n.6 (Fed. Cir. 2014) (addressing stay factors for analo-

16   gous PTAB proceeding (CBM)); *Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d

17   1368, 1373 (Fed. Cir. 2014) (it "was error" for district court deciding whether to stay pending

18   CBM "to evaluate the stage of litigation at the time of its decision"), *vacated as moot*, 780 F.3d

19   1134 (2015).  At the time Amazon filed its motion, no trial date had been set, making the stage of

20   the case favor a stay.  Holding the Initial CMC and setting trial for 2025 did not change that.  To

21   the contrary, the case schedule confirms the early stage of this litigation, as the claim construc-

22   tion hearing is many months away, fact discovery does not close until October 2024, and trial is

23   not scheduled until May 2025.  Whether judged from the time Amazon's motion was filed or the

24   time the Court issues its decision, "[t]he litigation at either time [is] still at its infancy, which fa-

25   vors granting the stay."  *VirtualAgility*, 759 F.3d at 1317 (addressing stage when eight months of

26   fact discovery remained, the parties had not submitted joint claim construction statements, and

27   jury selection was a year away).

28

Defendants' Reply ISO Motion to Stay      - 2 -
3:22-cv-06727-TLT

## II.     FACTOR 2: A STAY WILL SIMPLIFY THIS CASE.

### A.     JI Does Not Dispute That the Already-Instituted IPRs May Moot the Majority of this Case.

JI's argument regarding the simplification factor ignores the full scope of this case and the instituted Google IPRs.  (Opp'n at 9-12.)  The PTAB has already found it reasonably likely that claims from ***eight of the nine asserted patents*** are invalid and has instituted IPR trials on those eight patents.  Those IPR proceedings may eliminate 161 of the 219 patent claims JI asserts in this case, thereby rendering much of this case moot.  Proceeding with this district court action in parallel would be a massive waste of resources.  *See, e.g.*, *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1028 (N.D. Cal. 2014) (stay pending IPR will increase judicial economy and conserve both the parties' and the Court's resources); *Synthego*, 2022 WL 2704121, at *2 (stay pending instituted IPRs "will promote efficiency by avoiding the expenditure of judicial resources between now and when a final decision by PTAB is rendered").

Ignoring those instituted IPRs and their potential to significantly simplify this case, JI argues this factor weighs against a stay because the PTAB has not instituted IPRs for the '611 patent and some claims of the '213 patent.  (Opp'n at 9.)  JI argues "no simplification is likely *at least as to those patent claims.*"  (*Id.* (emphasis added).)  This argument fails for several reasons.

First, the question is not whether a stay will resolve every issue in the case, but whether it will "simplify the issues in question and trial of the case."  (*Id.* at 8-9); *see also Palo Alto Networks, Inc. v. Packet Intelligence LLC*, No. 19-cv-02471-WHO, 2020 WL 5760475, at *2 (N.D. Cal. Sep. 28, 2020) ("The standard is whether the PTAB's decision could simplify the issues in this matter, not whether they would eliminate the issues."); *LBT IP II LLC v. Uber Techs. Inc.*, No. 22-cv-03985-WHO, 2023 WL 322894, at *2 (N.D. Cal. Jan. 19, 2023) (staying case where two of four patents were in IPR because "the issue is simplification, not elimination").  There can be no doubt, and JI implicitly recognizes, that the Google IPRs may significantly simplify many issues in question and trial of this case.

Second, JI recognizes a "litany of cases" granted stays when IPRs had been instituted on fewer than all asserted patents.  (Opp'n at 11.)  JI does not even attempt to distinguish many of

1    the cases Amazon cited (Mot. at 6 n.7), and its attempt to distinguish three of those cases (*Eco-*

2    *Factor*, *HD Silicon*, and *WSOU*) fails.  The percentage of instituted claims in *EcoFactor* (75%) is

3    essentially the same as the percentage of instituted claims here so far (73%), without even con-

4    sidering that the PTAB may institute IPR on the remaining claims by June.  *EcoFactor* supports

5    granting a stay here.  The percentage of instituted patents is higher here (8 out of 9) than in *HD*

6    *Silicon* (4 out of 6), so that case also supports a stay.  Lastly, the fact that JI asserts the '611 pa-

7    tent against all accused products is irrelevant and does not meaningfully distinguish *WSOU*.  JI

8    identifies no case where this factor weighs against a stay under the facts present here.

9            Third, JI's assertion that "no simplification is likely at least as to [the currently non-

10   instituted] patent claims" in the '611 and '213 patents is incorrect.  Courts have widely recog-

11   nized that IPR proceedings involving related patents can simplify the issues with respect to non-

12   instituted, asserted claims.  *PersonalWeb Techs.*, 69 F. Supp. 3d at 1028-29 ("[W]hile not all the

13   claims-at-issue are subject to *inter partes* review, the issues and trial of the case will be simpli-

14   fied after the PTAB issues its final written decisions" because "the remaining 19 claims are re-

15   lated with possible overlapping issues that could further simplify trial."); *LBT IP*, 2023 WL

16   322894, at *3 ("[T]here is enough overlap between the four patents that the simplification of the

17   issues resulting from the PTAB's decisions on the '855 and '289 Patents will extend to the '724

18   and '355 Patents.  The same products are accused under all of the patents-in-suit, which share,

19   among other things, subject matter and similar claim limitations and elements."); *Netflix, Inc. v.*

20   *CA, Inc.*, No. 21-cv-03649-EMC, 2022 WL 1144631, at *1 (N.D. Cal. Mar. 30, 2022) ("[A] stay

21   is likely to simplify matters in this case.  IPR has been instituted for four out of the five patents,

22   and the remaining patent . . . appears to be related to at least one of the other four patents. . . .

23   [T]hat IPR will not address all invalidity issues does not negate efficiencies from a stay.").

24           Here, the PTAB is reviewing the validity of 28 claims from the '213 patent.  The '611

25   and '213 patents are siblings, claiming priority to the same ancestor patent applications.  (Dkt.

26   No. 1-4 ('213 patent) at 1 (claiming priority to application number 12/139,333 and provisional

27   application number 61/108,426); Dkt. No. 1-5 ('611 patent) at 1 (claiming priority to same appli-

28   cations).)  The patents share the same title, identify the same inventors, and were filed on the

same day.  (*Compare* Dkt No. 1-4 *with* Dkt. No. 1-5.)  The patents' abstracts are identical.  (*Id.*)

Many of the claims are virtually identical as well.  For example, the PTAB instituted IPR for

claim 14 of the '213 patent, which contains many limitations virtually identical to those of claim

1 of the '611 patent:

| '213 Patent, Claim 14 | '611 Patent, Claim 1 |
|---|---|
| [Preamble:] A device comprising: | [Preamble:] A method comprising |
| "forming a first virtual microphone" | "forming a first virtual microphone" |
| "forming a filter that describes a relationship for speech between the first physical microphone and the second physical microphone" | "forming a filter that describes a relationship for speech between the first physical microphone and the second physical microphone" |
| "forming a second virtual microphone by applying the filter to the first signal to generate a first intermediate signal, and summing the first intermediate signal and the second signal" | "forming a second virtual microphone by applying the filter to the first signal to generate a first intermediate signal, and summing the first intermediate signal and the second signal" |
| "detecting acoustic voice activity  of a speaker when an energy ratio of energies of the first virtual microphone and the second virtual microphone is greater than a threshold value" | "generating an energy ratio of energies of the first virtual microphone and the second virtual microphone" and "detecting acoustic voice activity of a speaker when the energy ratio is greater than a threshold value" |

Many of the not-yet-instituted claims of the '213 patent also contain these same limitations.

(*See, e.g.*, Dkt. No. 1-4 ('213 patent) at claim 1 (reciting a system comprising a "first virtual mi-

crophone," a "filter," a "second virtual microphone formed by applying the filter to the first sig-

nal to generate a first intermediate signal and summing the first intermediate signal and the sec-

ond signal," and wherein "acoustic voice activity of a speaker is determined to be present when

1  an energy ratio of energies of the first virtual microphone and the second virtual microphone is

2  greater than a threshold value").)  Even Jawbone's complaint describes both the '213 and '611

3  patents as relating to the same "invention."  (Dkt. No. 24 ¶¶ 38-39.)

4      Given the significant overlap between the instituted and non-instituted claims, staying

5  this case pending the IPRs will simplify the issues with respect to those non-instituted claims as

6  well.  *PersonalWeb Techs.*, 69 F. Supp. 3d at 1028-29; *LBT IP*, 2023 WL 322894, at *2; *Netflix*,

7  2022 WL 1144631, at *1.

8      Ultimately, JI provides no rationale for proceeding with this nine-patent case while

9  Google's instituted IPRs are pending.  JI does not dispute that those IPRs alone may entirely

10  eliminate seven patents and 161 claims from this case.  JI does not dispute that the instituted

11  IPRs will necessarily lead to additional prosecution history that this Court must consider during

12  claim construction.  It makes no sense for the parties to invest substantial resources preparing

13  and serving infringement and invalidity contentions on hundreds of claims, engaging in costly

14  and time-consuming claim construction proceedings, and conducting discovery when the PTAB

15  may invalidate those claims.  Nor does it make sense for the Court to invest the time and effort in

16  claim construction when additional prosecution history is being created in real time and this

17  Court's constructions may result in inconsistent rulings with the PTAB or may need to be re-

18  visited in view of statements made by JI during the IPRs.

19      Finally, JI does not dispute that, even if some claims survive the Google IPRs, those IPRs

20  will still simplify the issues by providing this Court with the expert analysis of PTAB judges.

21  *PersonalWeb*, 69 F. Supp. 3d at 1027-29; *Synthego*, 2022 WL 2704121, at *2; *Netflix*, 2022 WL

22  1144631, at *1.

23      The fact that the PTAB has *already instituted* IPR trials for most of the asserted patents

24  weighs heavily in favor of a stay.  As discussed below, the fact that the PTAB may, in the next

25  few months, institute many more IPR trials covering *all* of the asserted patents only further justi-

26  fies the stay.

27

28

Defendants' Reply ISO Motion to Stay      - 6 -
3:22-cv-06727-TLT

1

**B.      Amazon's Pending IPR Petitions Further Warrant a Stay.**

2        Jawbone argues that the mere filing of Amazon's IPR petitions does not weigh in favor of

3  a stay.  (Opp'n at 9, 11.)  To the contrary, many courts in this District have found that the filing

4  of IPR petitions weighs in favor of a stay.  *Largan*, 2022 WL 2954935, at *2-3; *Cellwitch Inc. v.*

5  *Tile, Inc.*, No. 19-cv-1315, 2020 WL 13490282, at *2 (N.D. Cal. Jan. 17, 2020) ("It is not un-

6  common for courts to grant stays pending reexamination prior to the PTO deciding to reexamine

7  the patent." (cleaned up)); *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1037 (N.D. Cal.

8  2015).

9        A stay pending Amazon's IPR petitions is particularly appropriate here for two reasons.

10 First, JI is asserting hundreds of claims, and infringement and invalidity contention deadlines are

11 approaching, yet the PTAB's institution decisions are due shortly thereafter.  Under the current

12 case schedule, JI will serve infringement contentions for hundreds of claims on April 6, and Am-

13 azon will be required to serve invalidity contentions for hundreds of claims on May 18.  The par-

14 ties will then analyze the contentions for all 219 asserted claims and exchange proposed terms

15 for construction on June 1.  (Dkt. No. 97 at 2.)  But the PTAB will issue its institution decisions

16 in most of the Amazon IPRs in June and July.  (Mot. at 4.)  The parties should not spend signifi-

17 cant resources on infringement contentions, invalidity contentions, and claim construction for

18 hundreds of claims, when the PTAB may immediately thereafter institute IPRs and later cancel

19 the asserted claims, thereby rendering the parties' efforts moot.

20       Second, the PTAB is highly likely to institute at least some of Amazon's IPR petitions.

21 For example, Amazon's IPR petitions for the '691 and '080 patents present arguments substan-

22 tively identical to those on which the PTAB has already instituted review in the Google IPRs on

23 the same patents.  Thus, the institution of those Amazon IPRs is not speculative.  The PTAB has

24 reviewed the same arguments and determined they meet the threshold for IPR review, i.e., they

25 show that claims are reasonably likely to be invalid.  JI provides no basis to doubt that the PTAB

26 will reach the same conclusion on Amazon's substantively identical IPRs.  *Lyft, Inc. v. AGIS*

27 *Software Dev. LLC*, No. 21-cv-04653-BLF, 2022 WL 1592441, at *3 (N.D. Cal. May 19, 2022)

28 ("It is undisputed here that Lyft's IPR petitions as to the '100 and '838 Patents are 'substantively

1   identical' to Uber's IPR petitions on which the PTB previously instituted review[.] . . . Accord-

2   ingly, as to the '100 and '838 Patents, the simplification factor weighs in favor of a stay—much

3   as it would in a situation in which IPR review had already been instituted as to these patents.").

4          The two cases JI cites do not support denying a stay here.  JI first relies on *GoPro, Inc. v.*

5   *C&A Marketing, Inc.*, No. 16-cv-03590-JST, 2017 WL 2591268, at *4 (N.D. Cal. June 15,

6   2017), to argue that the mere filing of an IPR does not weigh in favor of a stay.  But that case is

7   both procedurally and substantively distinguishable.  In *GoPro*, the PTAB's institution decision

8   was not expected until four months *after* the claim construction hearing and, even if instituted,

9   that proceeding would not simplify the issues for a second asserted patent, which "cover[ed] dif-

10  ferent technology" and was "completely unrelated" to the patent for which the IPR was filed.  *Id.*

11  As a result, even if the IPR was instituted in *GoPro*, "half of the case would remain, and would

12  be substantially unaffected by the IPR proceedings."  *Id.*  Moreover, the *GoPro* court acknowl-

13  edged the PTAB's forthcoming institution decision could change the stay analysis and denied the

14  motion to stay without prejudice.  *Id.* at *7.  Here, not only has the PTAB already instituted re-

15  view on eight patents, but its institution decisions on Amazon's IPRs are due soon—well before

16  the claim construction hearing—and there are no "unrelated" patents covering "different tech-

17  nology" that are not subject to IPR petitions.

18         JI also cites *TPK Touch Solutions, Inc. v. Winteck Electro-Optics Corp.*, No. 13-cv-

19  02218-JST, 2013 WL 6021324, at *4 (N.D. Cal. Nov. 13, 2013), for its statement that the filing

20  of an IPR request *by itself* does not simplify the issues in question and trial.  But even that deci-

21  sion recognizes—in the footnote that JI omits from its brief (Opp'n at 10)—that courts in this

22  District do stay cases before institution.  *TPK*, 2013 WL 6021324, at *4 n.1.  More importantly,

23  Amazon's motion to stay this case is *not* based on Amazon's filing of IPR petitions "by itself."

24  Rather, it is based on the Google IPRs, the WDTX's order holding several patents invalid, *and*

25  the pending Amazon IPR petitions, at least some of which will almost certainly be instituted be-

26  cause they are substantively identical to the instituted Google IPRs.

27

28

Defendants' Reply ISO Motion to Stay      - 8 -
3:22-cv-06727-TLT

1

2

### C.     The Transfer of the *Google* Action to this Court Does Not

### Weigh Against a Stay.

3

4

5

JI argues that the transfer of the *Google* district court action (after Amazon filed this motion) to this District no longer favors a stay because a final judgment will not be entered in that case this summer.  JI's reasoning is faulty.

6

7

8

The claim construction order from the Western District of Texas ("WDTX") had the effect of holding all claims in the asserted '357, '080, and '691 patents indefinite, and several claims in the '611 and '213 patents indefinite.  (Mot. at 4-5.)  Thus, those claims are invalid.

9

10

11

12

13

14

15

16

17

18

19

20

21

JI argues that it will "pursue construction of the supposedly indefinite claims in this Court in both this action and in the *Google* case."  (Opp'n at 10.)  But JI identifies no basis for this Court to disturb the WDTX's indefiniteness rulings.  The transfer itself did not disturb those rulings; to the contrary, it left those rulings untouched and referred only further proceedings to the transferee court.  *Magnetic Eng'g & Mfg. Co. v. Dings Mfg. Co.*, 178 F.2d 866, 868 (2d Cir. 1950) (L. Hand, J.).  In any event, any attempt by JI to disturb the indefiniteness rulings in the *Google* case does not weigh against a stay *in this case.*  In fact, it weighs in favor of a stay.  To the extent the Court is inclined to revisit the WDTX's rulings in the *Google* case, the issues in this case will be simplified by staying this case and waiting for the Court to conclude its reconsideration in the *Google* case.  If the Court does not disturb the indefiniteness rulings in the *Google* case, it would be a waste of the parties' and the Court's resources to prepare infringement contentions, prepare invalidity contentions, and conduct claim construction *in this case* on the '357, '080, and '691 patents and the affected claims of the '213 and '611 patents.

22

### III.     FACTOR 3: A STAY WILL NOT UNDULY PREJUDICE JI.

23

### A.     The Timing of the IPR Petitions Does Not Unduly Prejudice JI.

24

25

26

27

This sub-factor is irrelevant because Amazon's motion is based largely on the institution of the Google IPRs, and Amazon had no control over the timing of Google's filings.  JI does not argue that Google improperly delayed in filing its IPRs or that JI was prejudiced by the timing of the Google IPR petitions.  Accordingly, this sub-factor does not suggest undue prejudice to JI.

28

1    JI argues that this sub-factor "weighs against a stay" because JI claims that Amazon in-

2   tentionally delayed filing its IPRs.  (Opp'n at 12.)  JI provides no evidence supporting this alle-

3   gation.  Instead, it improperly reads a "'dilatory motive' into [Amazon's] timely exercise of its

4   statutory rights." *DSS Tech.*, 2015 WL 1967878, at *4; *Finjan*, 139 F. Supp. 3d at 1036 (refus-

5   ing to condition a stay on defendant "seeking IPR earlier than the end of its statutory deadline, or

6   to read a dilatory motive into the timely exercise of its statutory rights" because "a defendant has

7   an incentive to exhaust every avenue of inquiry before petitioning for IPR");  *Delphix Corp. v.*

8   *Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 6068407, at *3 (N.D. Cal. Nov. 13, 2014) ("[T]he

9   Court . . . will not require a patent infringement defendant to file a petition for *inter partes* re-

10   view significantly earlier than the time allowed by statute.").

11    Amazon filed its IPR petitions within the statutory period and within a reasonable time

12   period.  Although JI filed its initial complaint in November 2021, it did not serve its infringement

13   contentions—asserting hundreds of claims across nine patents—until months later in March

14   2022.  Amazon served its invalidity contentions on June 23, 2022.  (Dkt. No. 51.)  Amazon then

15   worked diligently to prepare thousands of pages of IPR petitions and expert declarations, ulti-

16   mately filing ten IPR petitions in November 2022.[1]  Amazon's "diligence in researching the as-

17   serted patents and preparing its IPR filing[s] . . . does not unduly prejudice the patent owner."

18   *MindbaseHQ LLC v. Google LLC*, No. 21-cv-03603-JST, 2021 WL 6882409, at *3 (N.D. Cal.

19   Nov. 1, 2021)[2]; *see also Cypress Semiconductor Corp. v. GSI Tech., Inc.*, No. 13-cv-02013-JST,

20   2014 WL 5021100, at *4 (N.D. Cal. Oct. 7, 2014) ("[W]aiting until after receiving infringement

21   contentions to analyze the claims alleged and then filing petitions for review does not cause un-

22   due prejudice.").

23

24

---

25    [1] Amazon later filed two petitions challenging the claims of the '691 patent, but JI did not as-

26   sert that patent in the original complaint.  Instead, it was added to the case in an amended com-
plaint filed months after the original complaint.  (Dkt. No. 24.)

27    [2] Amazon's motion cited *TPK*, 2013 WL 6021324, at *4, for the same quotation, but the quo-

28   tation is from *MindbaseHQ*, which cites *TPK*.  *MindbaseHQ*, 2021 WL 6882409, at *3.

1       The cases JI cites are distinguishable.  In *TPK*, the court concluded that the defendant had

2   not been diligent because it had all the information it needed to file an IPR earlier but elected to

3   file an *ex parte* reexamination request instead.  2013 WL 6021324, at *5.  The court declined to

4   stay the case when the defendant later filed an IPR petition.  *Id.*  No such facts exist here.

5       JI also relies on *WordTech Sys. v. Microboards Manufacturing, LLC*, No. 09-cv-04612,

6   2010 WL 1641510, at *2 (N.D. Cal Apr. 22, 2010), but the defendant there waited 16 months

7   after learning of the infringement claim before filing an *ex parte* reexamination request and

8   failed to explain the delay.  Here, Amazon worked diligently to file its IPR petitions within the

9   period Congress authorized, and JI identifies no undue prejudice based on the timing of the filing

10   of Amazon's IPR petitions.

11       **B.**    **Amazon Did Not Delay in Filing Its Motion to Stay.**

12       JI next argues that the timing of Amazon's motion weighs against a stay.  (Opp'n at 13.)

13   JI focuses on irrelevant facts, including when the case was transferred and when Amazon filed its

14   IPRs.  As Amazon explained and JI does not refute, Amazon requested a stay shortly after the

15   IPRs' potential impact on this case crystallized, which was early enough for this case to be

16   stayed before the parties and the Court unnecessarily invested substantial resources in it.  (Mot.

17   at 12-13.)  Again, JI identifies no undue prejudice that it allegedly suffered as a result of the tim-

18   ing of the filing of this motion, so this sub-factor weighs against a finding of undue prejudice.

19       **C.**    **The Status of Instituted IPR Proceedings Undercuts Any**

20               **Assertion of Undue Prejudice to JI.**

21       JI argues that this sub-factor "weighs against issuing a stay" because the PTAB has not

22   instituted an IPR on the '611 patent and will not issue its institution decision on Amazon's IPR

23   petition for the '611 patent until June 2023.  (Opp'n at 13; *id.* at 8 (institution dates).)  But JI

24   identifies no *undue prejudice* resulting from staying this case when IPRs are already instituted

25   for eight of the nine asserted patents and Amazon's IPR for the ninth patent may be instituted in

26   just a few months.  To the contrary, staying the case will ensure JI does not waste resources liti-

27   gating claims from eight patents that the PTAB may soon invalidate.  That efficiency gain far

28   outweighs any countervailing consideration raised by the ninth patent, especially when the

1     PTAB will decide by June whether to review that patent.  The fact that the PTAB has *already*

2     *instituted* IPRs for eight asserted patents weighs against any finding of undue prejudice.  *See*

3     *Zomm*, 391 F. Supp. 3d at 957-58.[3]

4          **D.     JI's Claim of Future Prejudice Is Speculative and Undermined**

5          **by Its Licensing Activity.**

6          It is undisputed that JI and Amazon do not compete.  (Mot. at 13.)  JI now argues that it

7     *may* compete with Amazon *at some point* in the future because it is supposedly developing a

8     product that JI "anticipates" will practice the technology in "one or more" of the asserted patents.

9     (Opp'n at 13.)  JI, however, presents no evidence that any such product is under development,

10    what stage the development is at, when the product might be launched, which patent claims it

11    might practice, or with which Amazon products (if any) it might compete.  JI's argument is

12    based on a conclusory declaration and amounts to nothing more than pure speculation.

13         The facts here are easily distinguishable from those in *Skillz Platform Inc. v. AviaGames*

14    *Inc.*, No. 21-cv-02436-BLF, 2022 WL 1189882, at *5-6 (N.D. Cal. Apr. 21, 2022).  In that case,

15    Skillz presented clear evidence that the parties directly competed against each other (indeed, evi-

16    dence suggested that the defendant may have been the plaintiff's sole competitor) and that the

17    plaintiff was losing market share.  *Id.*  No such facts exist here.  Because JI has not presented ev-

18    idence supporting its argument that it competes with Amazon and will suffer prejudice from a

19    stay, this sub-factor weighs against a finding of prejudice.  *See Finjan*, 139 F. Supp. 3d at 1037-

20    38 ("[C]ourts in this district require 'evidence to substantiate an argument that direct competition

21    will result in prejudice."); *Largan*, 2022 WL 2954935, at *4 ("[I]n evaluating claims that direct

22    competition will result in prejudice from a stay, courts require evidence."); *Viavi Sols. Inc. v.*

23    *Platinum Optics Tech. Inc.*, No. 5:20-cv-05501-EJD, 2021 WL 4893386, at *2 (N.D. Cal. Oct.

24    20, 2021) (denying request to lift a stay and finding that "arguments concerning the parties' U.S.

25    competition are simply too speculative in nature to support a finding of prejudice" because plain-

26

27        [3] JI cites *SAGE Electrochromics, Inc. v. View, Inc.*, No. 12-cv-06441-JST, 2015 WL 66415,
      at *4 (N.D. Cal. Jan. 5, 2015), but that case is inapposite because there the PTAB had not insti-

28    tuted IPR trials on *any* of the challenged patents.  That is not the case here.

      Defendants' Reply ISO Motion to Stay      - 12 -
      3:22-cv-06727-TLT

1    tiff "cites only to its prediction of such loss, not actual evidence" and "acknowledges the exist-

2    ence of other competitors besides" the defendant); *Blacoh Fluid Controls, Inc. v. Syrinix, Inc.*,

3    No. 17-cv-04007-NC, 2018 WL 1000688, at *3 (N.D. Cal. Feb. 21, 2018) (finding no undue

4    prejudice, despite parties being direct competitors, because plaintiff was "far too vague regarding

5    this alleged harm").

6         JI's claim of undue prejudice is also undermined by its recent settlements with Apple and

7    Samsung, both of which continue to sell the products JI accused of infringement in those actions.

8    *Jawbone Innovations, LLC v. Apple Inc.*, No. 6:21-cv-00984-ADA, Dkt. No. 111 (W.D. Tex.

9    Dec. 26, 2022); *Jawbone Innovations, LLC v. Samsung Electronics Co., Ltd.*, No. 2:21-cv-

10   00186-JRG-RSP, Dkt. No. 275 (E.D. Tex. Dec. 27, 2022).  JI's demonstrated "willing[ness] to

11   license its patents weakens its claim of undue prejudice because it suggests that it could later be

12   made whole by monetary damages." *Largan*, 2022 WL 2954935, at *4.

13                                    **CONCLUSION**

14        For the reasons set forth above and in Amazon's opening papers, Amazon respectfully

15   requests that the Court stay this case until January 3, 2024.

16

17                                   Respectfully submitted,

18                                   KNOBBE, MARTENS, OLSON & BEAR, LLP

19

20   March 7, 2023              /s/ *Colin B. Heideman*
                                Joseph R. Re
21                              Colin B. Heideman
                                Mark Lezama
22                              Daniel P. Hughes

23                              Counsel for Defendants
                                AMAZON.COM, INC. and
24                              AMAZON.COM SERVICES, INC.

25

26

27

28